UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER KULMANN CIARDELLI, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*, <br><br> Respondents. | Case No.   1:26-cv-04676 (EJD) <br><br> **ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. Nos. 1, 2 |

The Court is in receipt of Petitioner's Writ of Habeas Corpus ("Petition") and Motion for Temporary Restraining Order ("TRO"). The Court intends to rule directly on the Petition, with the understanding that the Court will also consider any arguments made and exhibits submitted in support of the TRO. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."); *Dzhabrailov v. Decker*, No. 20-cv-03118-PMH, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of habeas petition simultaneously).

Respondents are prohibited from deporting Petitioner or removing him from the Eastern District of California while the Petition is pending. Given that Petitioner's TRO primarily seeks an order "enjoining Respondents, their agents, and their employees from … [t]ransferring Petitioner" and "[r]emoving or deporting Petitioner[,]" the Court denies the TRO as moot.[1] Dkt. No. 2 at 4.

---

[1] The Court also notes that the TRO seeks an order enjoining Respondents from preventing Petitioner's participation in his USCIS interview, which was scheduled for June 15, 2026. Unfortunately, Petitioner's TRO was not docketed until June 18, 2026. As such, his request for
Case No.: 1:26-cv-04676-EJD

<div style="position: margin">United States District Court<br>Eastern District of California</div>

Respondents shall file a response to the Petition by July 14, 2026. Any response must include the Petitioner's full Form I-213, any orders of release or detention, any custody warrants or notices, any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition, and Petitioner's criminal record to the extent one exists. Failure to timely respond shall be construed as a non-opposition. *See* L.R. 230(c).

Petitioner may file a reply by July 24, 2026. This matter is not set for a hearing though the Court may set one should it later be determined that a hearing is necessary. Counsel for Respondents shall promptly enter notices of appearance.

The Court finds that this case would benefit from the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B). Within seven (7) calendar days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information via email to julia_thomas@CAND.uscourts.gov. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes them to serve as Pro Hac Vice CJA counsel for Petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1). If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. §§ 3005 and 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the Court hereby authorizes said counsel's Pro Hac Vice admission to practice before this court for the duration of the proceedings, nunc pro tunc to the date the appointing authority first contacted counsel about this appointment. The Clerk of the Court SHALL SERVE a copy of this Order on the Federal Defender, Attention: Habeas Appointment. The Clerk shall also serve a copy of the Petition upon the Federal Defender.

**IT IS SO ORDERED.**

Dated: June 22, 2026

EDWARD J. DAVILA
United States District Judge

relief with respect to the June 15, 2026 interview is moot.
Case No.: 1:26-cv-04676-EJD

United States District Court
Eastern District of California