UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEXANDER KUHLMANN CIARDELLI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-04676 (EJD)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Alexander Kuhlmann Ciardelli's Petition for Writ of Habeas Corpus filed pursuant to 8 U.S.C. § 2241. *See* Dkt. No. 1. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that he was erroneously denied bond, and that his continued detention violates due process. *Id*. at 5, 7; Dkt. No. 8 at 1. For the reasons that follow, the Court denies the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Brazil who entered the United States on August 27, 2015 pursuant to an F-1 student visa. Dkt. No. 1 at 4. His visa expired on May 19, 2016, and he did not seek further immigration relief prior to his recent arrest by U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 7-2 at 2. He married a United States citizen on June 13, 2025, and is the stepfather to his wife's two children. Dkt. No. 1 at 4.

Since arriving in the United States, Petitioner has been convicted of two misdemeanor offenses: one for impaired driving and another for driving under the influence. *Id*.; Dkt. No. 7-1 at



United States District Court
Eastern District of California

21–23. In March 2026, he was ordered to serve two days in jail pursuant to those convictions. Dkt. No. 1 at 5; Dkt. No. 7-2 at 2. He was transferred to ICE custody on March 22, 2026 following the conclusion of his two-day sentence. Dkt. No. 7-2 at 2.

On May 8, 2026 Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") and was denied bond on a finding that Petitioner "poses a danger to other person or property" should he be released in light of his prior criminal convictions. Dkt. No. 1 at 43. The IJ produced an extensive written order in denying release, noting that Petitioner's DUI convictions were both serious and recent, and that Petitioner had not shown sufficient rehabilitative efforts to warrant release. *Id*. at 42–43. Petitioner reserved his right to appeal the decision, however, it appears he never filed one. On April 7, 2026, Petitioner's wife filed a Form I-130, Petition for Alien Relative on Petitioner's behalf, while Petitioner was detained. *Id*. at 4. That petition was approved on June 15, 2026. Dkt. No. 7-1 at 7.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief, arguing (1) that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has received the process he is due under that statute, and (2) that he must exhaust his

administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. Dkt. No. 7 at 3–4. In reply, Petitioner argues that exhaustion should be excused because the hearing he received was constitutionally inadequate given that the IJ placed the burden on Petitioner at the hearing. Dkt. No. 8 at 3–4. For the reasons that follow, the Court finds that, to the extent Petitioner challenges the IJ's findings, he must exhaust his administrative remedies before seeking relief in this court. The Court further finds that Petitioner has not shown his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding of dangerousness, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerousness finding—is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate

bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his continued detention under 8 U.S.C. § 1226(a) violates his due process rights. *See* Dkt. No. 1 at 7.

**B. Due Process**

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond by demonstrating that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may then seek habeas relief in federal district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159–61 (9th Cir. 2011). Finally, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Based on the record before the Court, Petitioner received the process to which he is entitled under 8 U.S.C. § 1226(a), including a bond hearing before an IJ. The fact that the IJ did not impose a clear and convincing standard on the Government during said hearing does not render Petitioner's detention unconstitutional. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal.

United States District Court
Eastern District of California

June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a second bond hearing, Petitioner does not demonstrate that his case is distinguishable from *Rodriguez Diaz* where the Ninth Circuit held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. *See id*. at 1203–14. This is particularly true where Petitioner received a bond hearing only four months ago and does not appear to have requested a further bond hearing based on changed circumstances. *See* 8 C.F.R. § 1003.19(e); *V.G.P. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-05559-MWJS, 2026 WL 2150782, at 1 (E.D. Cal. July 27, 2026) (finding continued detention under § 1226(a) constitutional where petitioner has received bond hearing and had not requested a further hearing). Accordingly, Petitioner's continued detention under 8 U.S.C. § 1226(a) is constitutional.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice to Petitioner filing a renewed habeas petition if his continued detention becomes unconstitutionally prolonged. The Clerk of Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: September 23, 2026



EDWARD J. DAVILA
United States District Judge